IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DARRELL HOWELL, | ) |
| Plaintiff, | ) |
| | ) Docket No. _____ |
| v. | ) |
| | ) JURY DEMAND |
| AMERICAN RED CROSS, | ) |
| Defendant. | ) |

## COMPLAINT

Comes now the plaintiff, Darrell Howell ("Staff Sergeant Howell") through counsel and for his Complaint states:

1. This is an action brought pursuant to the Uniformed Services Employment and Reemployment Rights Act ("USERRA").

## PARTIES

2. Plaintiff Staff Sergeant Howell is a citizen of North Carolina and resides in Mecklenburg County, Charlotte, North Carolina.

3. Defendant, American Red Cross is headquartered at 2025 E. Street, Washington, D.C. 20006. The American Red Cross has a place of business in Middle Tennessee located at 2201 Charlotte Avenue, Nashville, Tennessee 37203.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 38 U.S.C. § 4323(b).

5. Venue is proper in this district under 38 U.S.C. § 4323(c)(2) and 28 U.S.C. § 1391(b) because the American Red Cross maintains a place of business in this judicial district.

## FACTS

6. Staff Sergeant Howell has been a member of the Air Force Reserve serving in various capacities since 2007. Staff Sergeant Howell is currently a Knowledge Management Operations Sergeant stationed with the 440th Air Wing at Pope Air Force Base.

7. Staff Sergeant Howell started at the American Red Cross in June, 1999. The American Red Cross was aware that Staff Sergeant Howell was a member of the Air Force Reserve.

8. Staff Sergeant Howell was an inventory assistant/laboratory technician at the American Red Cross from June, 1999 until October 31, 2012. His salary was approximately $14.22 an hour, including healthcare benefits and other employment-related benefits.

9. On February 5, 2012 Staff Sergeant Howell was injured while performing military service. He was immediately taken to Womack Army Hospital for surgery to repair a ruptured tendon.

10. After his surgery, Staff Sergeant Howell informed his employer, the American Red Cross that he would require a lengthy recovery as a result of his service-connected injury. While he was convalescing, Staff Sergeant Howell kept his employer informed about his condition.

11. In April, 2012, Demetric Spruill, Hospital Services Supervisor ("Supervisor

2

Spruill") and Staff Sergeant Howell's immediate supervisor contacted him and stated that Amanda Harsar, Hospital Services Manager ("Manager Harsar") told him that she did not want to deal with "the whole military thing" as it pertained to Staff Sergeant Howell. Supervisor Spruill implied that Staff Sergeant Howell's job was in jeopardy and strongly suggested that he try to get back to work as soon as possible.

12. After learning of Manager Harsar's anti-military comments, Staff Sergeant Howell contacted the Department of Defense's Employer Support of the Guard and Reserve ("ESGR")[1]. ESGR contacted the American Red Cross and explained an employers responsibilities under the law when considering a servicemember's right to reemployment with a service-connected disability. At this point, the American Red Cross knew of its rights under the law, but disregarded it.

13. On May 27, 2012, Manager Harsar and Supervisor Spruill contacted Staff Sergeant Howell by telephone and conducted a conference call. During the conference call, Manager Harsar stated emphatically to Staff Sergeant Howell that while he was on military orders the American Red Cross was "obligated" to hold his job, but since he exhausted his Family Medical Leave Act (FMLA) leave, he must return to work by June 4, 2012 or he would be terminated. Then, Manager Harsar stated "we just had someone else out for an injury and now you're out and the Hospital Services Department's overtime is through the roof."

14. On May 27, 2012, Staff Sergeant Howell contacted Delores Smalls, Director of Human Resources ("Director Smalls") and explained what Manager Harsar had told him regarding his employment with the American Red Cross. Director Smalls

---

[1] ESGR is a Department of Defense agency that was established in 1972 to promote cooperation and

told Staff Sergeant Howell that he would be placed on non-FMLA leave immediately and to let her know when he was able to return to work.

15. Staff Sergeant Howell required a second surgery on July 27, 2012 to remove scar tissue for his service-connected injuries.

16. On October 21, 2012, Staff Sergeant Howell contacted Supervisor Spruill to inform him that he was cleared by his doctor and intended to return to work on October 23, 2012. Supervisor Spruill told him to contact the American Red Cross' Human Resources Department.

17. On October 21, 2012, Staff Sergeant Howell contacted Director Smalls via email requesting to know when he could return to work. Director Smalls never responded to his email.

18. On October 22, 2012, Staff Sergeant Howell contacted Director Smalls again, this time via telephone to inquire about the status of his employment with the American Red Cross. Director Smalls instructed him to apply for positions in other departments.

19. On October 22, 2012, Staff Sergeant Howell applied for the positions in the other departments as instructed by Director Smalls, but was denied those positions the very same day.

20. Staff Sergeant Howell later learned that the position he was told to apply for by Director Smalls had already been filled by another employee. This was a willful deception on the part of Director Smalls.

21. Staff Sergeant Howell again contacted the Department of Defense's ESGR to assist him with his employer. ESGR again contacted the American Red Cross

and explained what its responsibilities were regarding a returning servicemember with a service-connected disability. To no avail, the American Red Cross refused to rehire Staff Sergeant Howell, refused to make reasonable efforts to accommodate his service-connected disability and refused to find him a job that most closely approximated the job he had prior to being injured while performing military duty.

22. When Staff Sergeant Howell attempted to return to work, he was told by Director Smalls that he no longer had a position with the American Red Cross.

23. The American Red Cross' decision not to rehire Staff Sergeant Howell was motivated, in part, by his service in the Air Force Reserve.

24. The American Red Cross' discrimination and unlawful discharge of Staff Sergeant Howell violated his rights under USERRA.

25. The American Red Cross' violations of USERRA were willful.

## CLAIM FOR RELIEF

### Uniformed Service Employment and Reemployment Rights Act, 38 U.S.C. § 4301 *et seq.*

26. Staff Sergeant Howell adopts and incorporates all of the prior allegations and averments stated before.

27. USERRA requires the prompt reemployment of any person returning from military service as soon as practicable under the circumstances. When Staff Sergeant Howell returned from his military service, the American Red Cross violated 38 U.S.C. §§ 4312 and 4313 of USERRA, among other ways, by failing or refusing to promptly reemploy him, failing or refusing to make reasonable efforts to accommodate his disability and failing or refusing to find an equivalent position in his seniority, status and pay.

5

28. American Red Cross' failure to reemploy Staff Sergeant Howell was motivated, in part, by his obligations to serve in the Air Force Reserve, and caused Staff Sergeant Howell to lose pay, benefits and status with his employer.

29. American Red Cross' failure to reemploy Staff Sergeant Howell violated his rights under USERRA.

30. American Red Cross' conduct was a violation of its company policies.

31. American Red Cross' refusal to fully comply with USERRA is willful and deliberate.

WHEREFORE, Plaintiff Prays that the Court find and make a declaratory judgment:

1. That the American Red Cross violated Staff Sergeant Howell's USERRA rights when it discriminated against him by failing or refusing to promptly reemploy him, failing or refusing to make reasonable efforts to accommodate his disability and failing or refusing to find an equivalent position in his seniority, status and pay.

2. That American Red Cross be required to fully comply with the provisions of USERRA by:

    (a) Ordering that American Red Cross refrain from discriminating against Staff Sergeant Howell;

    (b) Reinstating Staff Sergeant Howell to the position he held prior to performing military service or a position of like seniority, status and pay;

    (c) Ordering the American Red Cross make reasonable accommodations to Staff Sergeant Howell to accommodate any disability related to his service in the military;

    (d) Entering a judgment awarding Staff Sergeant Howell all lost pay and benefits as a result of American Red Cross' violations of USERRA in an amount not to exceed five hundred thousand dollars ($500,000.00);

(d) Entering a judgment awarding Staff Sergeant Howell front pay in the amount of one hundred thousand dollars ($100,000.00);

(e) Entering a judgment awarding Staff Sergeant Howell liquidated damages for its willful violations of USERRA;

(f) Entering a judgment awarding Staff Sergeant Howell his attorneys' fees.

(g) Entering a judgment awarding Staff Sergeant Howell his litigation Expenses;

(h) Entering a judgment awarding Staff Sergeant Howell pre- and post-judgment interest on the amount of lost compensation found due; and

(i) The Court awarding any such general relief that Staff Sergeant Howell may be entitled.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff demands a trial by jury in this action.

Dated: 29 January 2013

Respectfully submitted,

*Joe Napiltonia*
Joe Napiltonia, #026881
Law Office of Joe Napiltonia
219 Third Avenue North
Franklin, Tennessee 37064
Telephone: (615) 734-1199
Facsimile: (615) 534-4141
joenap@navyseallawyer.com